**LOKER LAW, APC**
**Matthew M. Loker, Esq. (279939)**
**matt@loker.law**
Telephone: (805) 994-0177
Scott M. Plescia, (349319)
Scott@loker.law
Telephone: (805) 323-3780
132 Bridge Street
Arroyo Grande, CA 93420

*Attorneys for Plaintiff*,
Charles Walters

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CHARLES WALTERS,**

Plaintiff,

**v.**

**STELLANTIS FINANCIAL SERVICES, INC.,**

Defendant.

**Case No.:**

**COMPLAINT FOR DAMAGES FOR VIOLATION OF:**

**(1) CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE §§ 1785.1 ET SEQ. ("CCCRAA")**

**JURY TRIAL DEMANDED**

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## INTRODUCTION

1. The California Legislature enacted the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1, et seq. ("CCCRAA"), to ensure that consumer credit information is reported accurately and that those who furnish such information bear responsibility for its accuracy. Inaccurate credit reports directly impair the ability of consumers to access credit, housing, and economic opportunity. The CCCRAA reflects the Legislature's recognition that furnishers of credit information—entities that regularly report consumer account data to the credit bureaus—must exercise their grave responsibilities with fairness, accuracy, and integrity.

2. The CCCRAA imposes a direct and non-delegable duty on furnishers to refrain from reporting information they know or should know to be inaccurate or incomplete. Cal. Civ. Code § 1785.25(a). This duty is not aspirational; it is a binding legal obligation backed by a private right of action.

3. Plaintiff CHARLES MATTHEW WALTERS ("Plaintiff") brings this action against STELLANTIS FINANCIAL SERVICES, INC. ("Stellantis" or "Defendant"). In connection with Plaintiff's new vehicle lease, the selling dealership, Fontana CDJR, issued and transmitted a payoff check for $49,079.31 to Stellantis on or about March 24, 2026, specifically to satisfy the remaining balance on Plaintiff's trade-in vehicle account. The payment advice expressly identified the payment as "PAYOFF CHARLES WALTERS // 2024 RAM 1500 // 1C6RRFFG1RN213504." Stellantis received and cashed that check. Nevertheless, Stellantis thereafter furnished inaccurate and derogatory credit information to one or more consumer reporting agencies, falsely reporting that Plaintiff had a late payment or other negative status on an account that had already been paid in full. As a direct and proximate result of Stellantis's

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

inaccurate reporting, Plaintiff has suffered damage to his credit profile, impaired access to credit and financing, and other concrete harm.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332 (diversity of citizenship). Plaintiff is a citizen of the State of California. Defendant Stellantis Financial Services, Inc. is a citizen of a state other than California. The amount in controversy, including actual damages, punitive damages, and attorney's fees and costs available under Cal. Civ. Code § 1785.31, exceeds $75,000, exclusive of interest and costs.

10. This action arises out of Defendant's violations of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1, et seq. ("CCCRAA").

11. Because Defendant conducts business within the State of California, personal

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in San Bernardino County, within this judicial district; (ii) a substantial part of the events and omissions giving rise to the claims occurred within this judicial district, including the origination of the subject vehicle lease, the tendering of the payoff to Defendant, and the inaccurate furnishing of Plaintiff's credit information to consumer reporting agencies while Plaintiff resided in this district; and (iii) Defendant conducts business within this judicial district at all times relevant.

## PARTIES

13. At all times relevant, Plaintiff is a natural person residing California, in San Bernardino County.

14. Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(c).

15. Defendant STELLANTIS FINANCIAL SERVICES, INC. ("Stellantis") is a corporation organized and existing under the laws of a state other than California, with a compliance address at 3065 Akers Mill Rd SE, Suite 700, Atlanta, Georgia 30339. Stellantis is the automotive financial services and credit arm of Stellantis N.V. and regularly transacts business throughout the State of California, including by originating and servicing motor vehicle lease and finance accounts and by furnishing credit information regarding California consumers to consumer reporting agencies.

16. Stellantis is a furnisher of information as contemplated by Cal. Civ. Code § 1785.25, in that it regularly and in the ordinary course of business furnishes information to one or more consumer credit reporting agencies about consumer transactions or experiences with consumers.

17. Stellantis is a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing within the State of California.

19. On or about March 15, 2026, Plaintiff entered into a vehicle lease agreement with Oremor of Fontana, LLC, doing business as Fontana CDJR ("Fontana CDJR"), located at 16263 S Highland Avenue, Fontana, California 92336, for a new 2026 Ram 1500 Tradesman 4x4 Crew Cab, VIN: 3C6RRFFG2T4168654 (the "New Vehicle").

20. As part of the same lease transaction, Plaintiff traded in a 2024 Ram 1500 (VIN: 1C6RRFFG1RN213504) (the "Trade-In Vehicle"), which was subject to an outstanding lease or finance balance held and serviced by Stellantis Financial Services, Inc.

21. As reflected in the lease agreement and transaction records, the prior credit or lease balance on the Trade-In Vehicle to be paid off through the transaction totaled $49,079.31.

22. As part of the transaction, Fontana CDJR agreed to pay off the outstanding balance on the Trade-In Vehicle directly to Stellantis. The New Vehicle lease was assigned at origination to SFS Leasing, Ltd. and Stellantis Financial Services, Inc. as assignees.

23. In connection with the payoff of the Trade-In Vehicle, Fontana CDJR issued Check No. 17836, drawn on Citizens Business Bank, in the amount of $49,079.31, payable to Stellantis Financial Services, Inc., and directed to Stellantis's designated payment lockbox at 2975 Regents Blvd., 100 Lockbox 205749, Irving, Texas 75063.

24. The Payment Advice accompanying Check No. 17836 expressly identified the payment as: "PAYOFF CHARLES WALTERS // 2024 RAM 1500 // 1C6RRFFG1RN213504."

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

25. Check No. 17836 was dated March 24, 2026, and was transmitted to Stellantis's lockbox for the specific purpose of fully satisfying the outstanding balance on Plaintiff's Trade-In Vehicle account.

26. Stellantis received and cashed Check No. 17836, thereby accepting the $49,079.31 payoff.

27. Upon Stellantis's receipt and negotiation of the payoff check, the outstanding balance on Plaintiff's Trade-In Vehicle account was fully satisfied. The account was paid in full as of on or about March 24, 2026.

28. Notwithstanding Stellantis's receipt and cashing of the full payoff amount, Stellantis thereafter furnished inaccurate information to one or more consumer reporting agencies, including, on information and belief, Equifax Information Services, LLC, Trans Union, LLC, and/or Experian Information Solutions, Inc., reporting that Plaintiff had a late payment or derogatory status on the Trade-In Vehicle account.

29. The information Stellantis furnished was false and inaccurate. At the time Stellantis furnished such information, Plaintiff's account had already been paid in full through the dealer-tendered payoff check that Stellantis had received and cashed. There was no legitimate basis for a late payment notation or any other derogatory reporting on Plaintiff's credit file with respect to this account.

30. Stellantis knew or should have known, upon receipt and negotiation of Check No. 17836, that the outstanding balance on Plaintiff's Trade-In Vehicle account had been satisfied in full, and that any subsequent furnishing of late-payment or derogatory information with respect to that account was inaccurate and incomplete within the meaning of Cal. Civ. Code § 1785.25(a).

31. Despite this knowledge, Stellantis failed to update or correct its reporting to consumer reporting agencies, and continued to furnish inaccurate information reflecting Plaintiff's account as having late-payment activity or a derogatory

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

status.

32. On information and belief, Stellantis's failure to correctly reflect the payoff and update the account status reflects a systemic failure in its procedures for processing dealer payoffs and updating corresponding consumer credit tradelines in a timely and accurate manner.

33. As a direct and proximate result of Stellantis's inaccurate reporting, Plaintiff suffered actual damages, including but not limited to: (i) damage to Plaintiff's credit score and credit profile; (ii) impaired ability to obtain credit, financing, and other financial opportunities on favorable terms; (iii) financial loss; and (iv) time and expense incurred in attempting to identify and address the inaccurate reporting.

34. Plaintiff has been required to expend time and resources investigating and addressing the inaccurate tradeline, including reviewing consumer reports and retaining counsel.

35. Plaintiff is not yet able to calculate the total pecuniary loss but will, if necessary, utilize the services of an economist.

36. Based upon the foregoing, Plaintiff contends that punitive damages are available against Defendant. To report a late payment or derogatory status on a fully paid account—after having received and cashed a payoff check expressly bearing Plaintiff's name, vehicle, and account information—demonstrates that Defendant took action involving an unjustifiably high risk of harm that was either known to Stellantis or so obvious that it should have been known.

37. Because Plaintiff's efforts to resolve the inaccurate Stellantis tradeline have been unsuccessful, Plaintiff was required to bring this action to finally resolve the dispute.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

## CAL. CIV. CODE § 1785.1, ET SEQ. (CCCRAA)

## [AGAINST STELLANTIS FINANCIAL SERVICES, INC.]

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
39. The foregoing acts and omissions constitute numerous and multiple violations of the CCCRAA.
40. In the regular course of its business operations, Stellantis routinely furnishes information to consumer credit reporting agencies pertaining to transactions and accounts of consumers, so as to provide information concerning consumer creditworthiness, credit standing, and credit capacity.
41. Because Stellantis is a corporation or other entity—and therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j)—Stellantis was at all relevant times obligated not to furnish information on a specific transaction or experience to any consumer credit reporting agency if it knew or should have known that the information was incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).
42. As a result of each and every negligent violation of the CCCRAA, Plaintiff is entitled to actual damages pursuant to Cal. Civ. Code § 1785.31(a)(1); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1), from Defendant.
43. As a result of each and every willful violation of the CCCRAA, Plaintiff is entitled to actual damages plus punitive damages not to exceed $5,000 per

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

violation pursuant to Cal. Civ. Code § 1785.31(a)(2); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(2), from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff CHARLES MATTHEW WALTERS prays that judgment be entered against Defendant STELLANTIS FINANCIAL SERVICES, INC. for:

44. An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(1), against Defendant for each incident of negligent noncompliance with the CCCRAA;
45. An award of actual damages plus punitive damages not to exceed $5,000 per willful violation, pursuant to Cal. Civ. Code § 1785.31(a)(2), against Defendant for each incident of willful noncompliance with the CCCRAA;
46. An award of costs and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1785.31(a)(1) and (a)(2), against Defendant;
47. For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b), enjoining Defendant from engaging in the unlawful credit-reporting practices stated herein;
48. Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

49. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 23, 2026 Respectfully submitted,

**LOKER LAW, APC**

By: ___/s/ Scott M. Plescia___
SCOTT M. PLESCIA, ESQ.
ATTORNEY FOR PLAINTIFF, CHARLES WALTERS